## SUPPLEMENTARY INTERROGATORY RESPONSE REQUIREMENTS
## FOR DEFENDANT STATE STREET BANK & TRUST COMPANY

| | | |
|---|---|---|
| 3 | Did SSBT consider whether any breach of fiduciary duty claims existed based on allegations in Illinois securities litigation? | Identify the date of any meetings or other consideration of this subject; the committee, person(s) and/or entity participating in the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; all communications, if any, between State Street and the Plans on this subject; and, by Bates number, any documents evidencing such consideration. |
| 4 | Did SSBT consider whether Plan had any claims arising out of those allegations? | Identify the date of any meetings at which this subject was considered; the committee, person(s) and/or entity participating in the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; and, by Bates number, any documents evidencing such consideration. |
| 5 | Did SSBT consider whether Plans had additional sources of recovery, such as fiduciary liability insurance, in the Illinois Securities Litigation? | Answer the interrogatory in its entirety. |
| 7 | Did SSBT consider whether Plans should seek additional recovery for release of ERISA breach claims in the Illinois Securities litigation? | Identify the date of any meetings or other consideration of this subject; the committee, person(s) and/or entity participating in the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; all communications, if any, on this subject; and, by Bates number, any documents evidencing such consideration. |
| 8 | Did SSBT release any ERISA breach of fiduciary duty claims in Illinois securities litigation? | Identify the date of any meetings or other consideration of this subject; whether as part of the consideration the value of the released claims was calculated; how the value of such claims was calculated; the committee, persons, and/or entity participating in such consideration; whether meetings were in |

| | | person, telephonic, or otherwise; all communications, if any, between State Street and the Plans on this subject; and, by bates number, any documents evidencing such action or consideration. |
|---|---|---|
| 9 | Describe how Plan purchases were listed in Illinois proof of claim | Answer the interrogatory in its entirety. |
| 10 | Did SSBT consider whether participation in settlement would result in a prohibited transaction? | Nothing further required. |
| 11 | Did SSBT communicate with Department of Labor re: participation of plans in settlement of Illinois securities litigation? | Any supplement to the response is deferred until the waiver of work product is resolved. |
| 14 | SSBT's understanding of who was party responsible for protecting interests of Plan | Nothing further required. |
| 15 | Did any other fiduciary approve actions of SSBT in connection with Illinois securities litigation? | Nothing further required. |
| 16 | Did SSBT consult with counsel for protection of Plan? | Nothing further required. |
| 17 | Did SSBT consider whether any breach of ERISA fiduciary duty existed or should be brought in Texas Securities Litigation? | Identify the date of any meetings or other consideration of this subject; the committee, persons and/or entity participating n the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; all communications, if any, between State Street and the Plans on this subject; and, by Bates number, any documents evidencing such consideration. |
| 18 | Did SSBT consider whether Plan had any claims and whether Plan should initiate litigation in Texas Securities Litigation? | Identify the date of any meetings or other consideration of this subject; the committee, persons and/or entity participating n the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; and, by Bates number, any documents evidencing such consideration. |

| | | |
|---|---|---|
| 19 | Did SSBT release any ERISA breach of fiduciary dury claim in Texas Securities Litigation? | Answer the interrogatory in its entirety. |
| 20 | Did SSBT consider whether Plan had additional sources of relief, such as fiduciary liability insurance, in the Texas Securities Litigation? | Answer the interrogatory in its entirety. |
| 21 | Did SSBT consider whether Plan should seek additional recovery in Texas Securities Litigation? | Identify the date of any meetings or other consideration of this subject; the committee, person(s) and/or entity participating in the consideration; whether the meeting was in person, telephonic, or otherwise; the subject matter of such discussions; any conclusions reached; all communications, if any, on this subject; and, by Bates number, any documents evidencing such consideration. |
| 22 | Did SSBT consult with counsel regarding the Texas Securities Litigation? | Nothing further required. |
| 23 | Describe how Plan purchases and sales were calculated and listed in the Texas proof of claim | Answer the interrogatory in its entirety. |
| 24 | Describe the process by which the decision was made as to whether Plan should participate in the Texas Securities Litigation | Answer the interrogatory in its entirety. |
| 25 | State SSBT's understanding of entity responsible for protecting interests of Plan in the Texas Securities Litigation | Nothing further required. |